UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BARBARA FOGARTY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:12-CV-2149 NAB |
| U.S. BANK, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. [Doc. 18]. Defendant U.S. Bank has not filed a response to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, the Court will grant Plaintiff's Motion to Remand.

**I.     Procedural History**

Plaintiff filed this action in state court in the Circuit Court of the County of St. Louis, Missouri. Plaintiff's state court petition alleged that she suffered personal injuries due to the negligence of Defendant U.S. Bank. On November 16, 2012, Defendant U.S. Bank properly removed this action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). At the Rule 16 Conference in this action, the parties informed the Court that Plaintiff may file an amended complaint adding an additional party, which would destroy diversity jurisdiction in this case. On April 3, 2013, Plaintiff filed a First Amended Complaint adding Diversified Contractors, Inc. a Missouri corporation as a defendant. [Doc. 16]. Plaintiff subsequently filed a Motion to Remand asserting that the addition of Defendant Diversified

Contractors, Inc. destroyed diversity jurisdiction in this action and requested remand of this action to state court.

**II.  Discussion**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e).  Joinder is required if the new party is necessary and indispensable to a full resolution of the case.  *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 308 (8th Cir. 2009); Fed. R. Civ. P. 19(a).

At the time Plaintiff was granted leave to file an amended complaint, the Court was aware, based on counsels' prior disclosures, that the addition of Diversified Contractors, Inc. would destroy diversity jurisdiction.  As represented by counsel, Defendant Diversified Contractors, Inc. was performing work on Defendant U.S. Bank's parking lot, where Plaintiff alleges she was injured.  Therefore, it is a necessary and indispensable party to this action and the Court will remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed Motion to Remand is **GRANTED**.  [Doc. 17].

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-First Judicial Circuit Court of the County of St. Louis, Missouri for all further proceedings.

Dated this 20th day of May, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE